# 96 DTA 84

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

HERIBERTO OTAÑO CUEVAS, SU ESPOSA ROSA IRIS LOPEZ IRIZARRY Y LA SOCIEDAD
LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS
Demandantes-Recurrentes

v.

LUIS ANTONIO VELEZ SANTIAGO, SU ESPOSA NEREIDA PEREZ ACEVEDO Y LA
SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ALFREDO QUIÑONES
TOLEDO, SU ESPOSA CELIA SANTANA PIRICHI Y LA SOCIEDAD LEGAL DE
GANANCIALES COMPUESTA POR AMBOS
Demandados-Recurridos

Núm. KLCE-96-00074

San Juan, Puerto Rico, a 9 de febrero de 1996

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Examinados los autos y el escrito mostrando causa del co-demandado-recurrido Sr. Alfredo Quiñones Toledo y su esposa Sra. Celia Santana Periche presentado el 31 de enero de 1996, resolvemos no expedir el auto solicitado. Aunque el hecho aislado y remoto de haber el notario Lcdo. Víctor A. Vélez Cardona otorgado el Documento Aclaratorio de Negocio el 23 de julio de 1979 no es causa suficiente para su descalificación como abogado del demandante-recurrente Dentro de las circunstancias de este caso, resolvemos no expedir el auto solicitado.

La descalificación podría ser un error aunque no manifiesto y por ello, revisable. El juez del Tribunal de Instancia debe tener gran amplitud para manejar y controlar su sala. Del récord no surgen suficientes hechos para revocar a Instancia.

La deferencia que debemos al juez de la sala en el control del trámite, la garantía de orden institucional que el Tribunal debe a toda parte que comparece al foro y los eventos personales que permea el litigio en este caso presenta otro ángulo que justifica la actuación de la sala. No habiéndose demostrado ante nos la incursión de pasión, prejuicio, parcialidad o error manifiesto por parte de Instancia fundamenta nuestra decisión de no expedir.

Los procedimientos en los tribunales de instancia se presumen correctos, correspondiendo al apelante demostrar que el tribunal de instancia no actuó correctamente. *Pueblo v. Najul Báez*, 111 D.P.R. 417 (1981).

En ausencia de prueba en contrario se presume la corrección de los procedimientos judiciales. *Pueblo v. López Guzmán,* 132 D.P.R. ___ (1992), 92 **J.T.S. 142.** Los jueces de instancia y los jurados están en mejor posición de aquilatar la prueba y su apreciación merece gran deferencia en el foro apelativo. El foro apelativo no intervendrá con la apreciación de la prueba en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Rodríguez,* 128 D.P.R. ___ (1991) **91 J.T.S. 26.** *Pueblo v. Cruz Granados,* 116 D.P.R. 3 (1984); *Pueblo v. Rosario Cintrón,* 102 D.P R. 82 (1974); *Pueblo v. Carrasquillo Carrasquillo,* 102 D.P.R. 545 (1974).

La discreción del tribunal de instancia para regir el orden del proceso judicial es amplia y será respetada en revisión, salvo error manifiesto y perjudicial. *Pueblo v. Corales Irizarry,* 107 D.P.R. 481 (1978).

Por los fundamentos antes expuestos no se expedirá el auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General